**Electronically Filed
Intermediate Court of Appeals
30329
08-FEB-2013
08:18 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

WARREN C.R. PERRY, Plaintiff-Appellee,
v.
MAHEALANI PEREZ-WENDT, fka MAHEALANI KAMAUU,
fka BONNIE BROADHURST, Defendant-Appellant,
and
EUGENE PERRY, DARDANELLE F. KAAUWAI, DARRYL D. PERRY,
ANTONE PEREZ-PERRY, JR., and DOE DEFENDANTS 1-10,
Defendants-Appellees.

NO. 30329

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 09-1-0001)

FEBRUARY 8, 2013

LEONARD, PRESIDING JUDGE, REIFURTH, and GINOZA, JJ.

OPINION OF THE COURT BY GINOZA, J.

Defendant-Appellant Mahealani Perez-Wendt (Perez-Wendt), *pro se*, appeals from an order by the Circuit Court of the Fifth Circuit (circuit court)[1] denying Perez-Wendt's motion to

---

[1] The Honorable Kathleen N.A. Watanabe presided.

dismiss the complaint filed by Plaintiff-Appellee Warren C.R. Perry (Perry) (Order Denying Motion To Dismiss).

On appeal, Perez-Wendt contends that the circuit court erred when it ruled that Perry's January 9, 2009 Complaint (Complaint) did not constitute a strategic lawsuit against public participation (SLAPP) under Hawaii Revised Statutes (HRS) Chapter 634F, Hawaii's anti-SLAPP statute.

Pursuant to HRS § 634F-2(2)(A) (Supp. 2012), a party moving to dispose of a claim on grounds that it is based on, relates to, or involves public participation and is a SLAPP lawsuit, is entitled to an immediate appeal from a court order denying the motion. In this appeal, therefore, our jurisdiction is limited to the specific question of whether the Complaint is a SLAPP that should have been dismissed based on HRS Chapter 634F.

We agree with the circuit court that the Complaint does not constitute a SLAPP under HRS Chapter 634F and thus affirm the Order Denying Motion To Dismiss.

I.   **Circuit Court Proceedings**

In his Complaint, Perry asserts claims against five of his siblings, including Perez-Wendt (collectively, Defendant Siblings).[2] The Complaint alleges that in January 2007, at a time when the Kauai County Mayor (Mayor) had informally requested that Perry accept the position of County Attorney but the Mayor had not publicly announced that he would recommend Perry for the position, the Defendant Siblings engaged in communications with the Mayor, the Mayor's Administrative Assistant (Mayor's Assistant), and members of the Kauai County Council (County Council), informing them that a complaint had been or would be

---

[2] On July 21, 2009, Perry's claim against Antone Perez Perry Jr. was dismissed for lack of service. Three other defendant siblings eventually settled with Perry, leaving only Perez-Wendt as a defendant.

filed with the Office of Disciplinary Counsel (ODC) against Perry.

The Complaint alleges that the Defendant Siblings thereafter filed a frivolous ODC complaint against Perry for the ulterior purpose of defaming Perry, and that the Defendant Siblings revealed the allegations from the ODC complaint to the Mayor, the Mayor's Assistant and/or members of the County Council, asserting the ODC allegations to be true and causing the Mayor to rescind his offer to Perry of the County Attorney position.

The Complaint also alleges that in November 2008, a member of the newly-elected Mayor's cabinet informed Perry that the new Mayor desired to appoint Perry as County Attorney, but Perry had to refuse the position because a decision on the ODC complaint was still pending.

Perry alleges claims in his Complaint for interference with a prospective contractual relationship, abuse of process, defamation, casting Perry in a false light, slander, libel, and intentional infliction of emotional distress.

In her motion to dismiss Perry's Complaint, Perez-Wendt asserted that the Complaint was a SLAPP and should be dismissed under HRS Chapter 634F, Hawaii's anti-SLAPP statute. Perez-Wendt argued that Perry had filed the Complaint to punish the Defendant Siblings for "exercising their rights as citizens to participate in government processes."

The circuit court denied the motion to dismiss, determining that more likely than not, Perry's allegations in the Complaint do not constitute a SLAPP as defined in HRS § 634F-1 (Supp. 2012).

II. **Standard of Review**

Pursuant to HRS 634F-2(1) (Supp. 2012), the trial court was required to treat Perez-Wendt's motion as a motion for

3

judgment on the pleadings. Appellate courts typically review a trial court's ruling on a motion for judgment on the pleadings under the right/wrong or *de novo* standard of review. *See Hawaii Med. Ass'n v. Hawaii Med. Serv. Ass'n, Inc.* 113 Hawaiʻi 77, 91, 148 P.3d 1179, 1193 (2006).

Additionally, the circuit court's consideration of the motion involved interpreting relevant portions of HRS Chapter 634F. Statutory interpretation is a question of law that we review *de novo*. *Citizens Against Reckless Dev. v. Zoning Bd. of Appeals of City & Cnty. of Honolulu*, 114 Hawaiʻi 184, 193, 159 P.3d 143, 152 (2007).

We are guided in our interpretation and construction of statutes by the following:

> First, the fundamental starting point for statutory interpretation is the language of the statute itself. Second, where the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning. Third, implicit in the task of statutory construction is our foremost obligation to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. Fourth, when there is doubt, doubleness of meaning, or indistinctiveness or uncertainty of an expression used in a statute, an ambiguity exists.

*Id.* (citation omitted). Furthermore, "[l]egislative history may be used to confirm interpretation of a statute's plain language." *Kakinami v. Kakinami*, 127 Hawaiʻi 126, 150 n.5, 276 P.3d 695, 719 n.5 (2012) (quoting *E & J Lounge Operating Co. v. Liquor Comm'n of City & Cnty. of Honolulu*, 118 Hawaiʻi 320, 335, 189 P.3d 432, 447 (2008)).

III. **HRS Chapter 634F**

HRS Chapter 634F provides protections for a party against whom a SLAPP lawsuit is brought. HRS § 634F-4 (Supp. 2012) requires that "[t]his chapter shall be construed liberally to fully effectuate its purposes and intent." HRS Chapter 634F does not contain therein a section expressing its purposes.

4

However, Act 187, which enacted HRS Chapter 634F in 2002, articulates the purposes of the chapter.

> The purpose of this Act is to:
> (1)  Protect and encourage citizen participation in government to the maximum extent permitted by law;
> (2)  Create a more equitable balance between the rights of persons to file lawsuits and to trial by jury, and the rights of persons to petition, speak out, associate, and otherwise participate in their governments;
> (3)  Support the operations of and assure the continuation of representative government in America, including the protection and regulation of public health, safety, and welfare by protecting public participation in government programs, public policy decisions, and other actions;
> (4)  Establish a balanced, uniform, and comprehensive process for speedy adjudication of SLAPPs as a major contribution to lawsuit reform; and
> (5)  Provide for attorney fees, costs, and damages for persons whose citizen participation rights have been violated by the filing of a SLAPP against them.

2002 Haw. Sess. Laws Act 187, § 1 at 822.

As provided under HRS § 634F-1 (Supp. 2012), "'SLAPP' means a strategic lawsuit against public participation and refers to a lawsuit that lacks substantial justification or is interposed for delay or harassment and that is solely based on the party's public participation before a governmental body." A party may counter a SLAPP by filing a motion to dispose of the claim(s). HRS § 634F-2(1) (Supp 2012). This is the step Perez-Wendt took when she filed her motion to dismiss.

Regarding a motion to dispose of a claim in a purported SLAPP, HRS § 634F-2 (Supp. 2012) sets forth specific requirements, some of which differ in material ways from typical court procedures and court rules. This statute provides in relevant part:

> §634F-2 Required procedures; motion. *Notwithstanding any law to the contrary, including rules of court,* upon the filing of any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or involves public participation and is a SLAPP lawsuit:
> (1)  *The motion shall be treated as a motion for judgment on the pleadings, matters outside the*

*pleadings shall be excluded by the court,* and the court shall expedite the hearing of the motion;

(2)     The moving party shall have a right:

(A)     To an immediate appeal from a court order denying the motion; and

(B)     To file an application for a writ of mandamus if the court fails to rule on the motion in an expedited fashion;

(3)     Discovery shall be suspended, pending decision on the motion and appeals;

(4)     *The responding party shall:*

(A)     Without leave of court, have seven days to amend its pleadings to be pled with specificity, and shall include such supporting particulars as are peculiarly within the supporting pleader's knowledge; and

(B)     *Have the burden of proof and persuasion on the motion;*

(5)     *The court shall make its determination based upon the allegations contained in the pleadings;*

(6)     *The court shall grant the motion and dismiss the judicial claim, unless the responding party has demonstrated that more likely than not, the respondent's allegations do not constitute a SLAPP lawsuit as defined in section 634F-1*[.]

(Emphasis added.)

Regardless of the type of motion a party files to dispose of the claim(s),[3] the court must treat it as a motion for judgment on the pleadings. HRS § 634F-2(1). Generally, a motion for judgment on the pleadings can be converted to a motion for summary judgment if "matters outside the pleadings are presented to and not excluded by the court[.]" Hawai'i Rules of Civil Procedure (HRCP) Rule 12(c). However, the anti-SLAPP statute limits the court to a review of the allegations contained in the pleadings and prohibits consideration of matters outside the pleadings. HRS § 634F-2(1) and (5) (Supp. 2012).

---

[3]     HRS § 634F-1 provides in relevant part: "'Motion' includes any motion to dismiss, for summary judgment, for judgment on the pleadings or to strike, a demurrer, or any other judicial pleading filed to dispose of a judicial claim."

Moreover, HRS § 634F-2 also changes the typical burden of proof for a motion for judgment on the pleadings. Under the HRCP, the standards for such a motion are:

> In a motion for judgment on the pleadings under HRCP Rule 12(c), *the movant* must clearly establish that no material issue of fact remains to be resolved and that he or she is entitled to judgment as a matter of law. In considering a motion for judgment on the pleadings, the circuit court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.

*Hawaii Med. Ass'n*, 113 Hawai'i at 91, 148 P.3d at 1193 (emphasis added and brackets omitted). However, under the anti-SLAPP statute, when a motion to dispose of the claim(s) is filed, the burden of proof and persuasion rests with the responding party, *i.e.* the *non-moving* party. HRS § 634F-2(4)(B) (Supp. 2012). Moreover, pursuant to HRS § 634F-2(5) and (6) (Supp. 2012), based on the allegations in the pleadings, "[t]he court shall grant the motion and dismiss the judicial claim, unless the responding party has demonstrated that more likely than not, the respondent's allegations do not constitute a SLAPP lawsuit as defined in section 634F-1[.]"

## IV. Perry's Complaint Was Not a SLAPP Under HRS Chapter 634F

The circuit court properly limited its review to the pleadings in this case, particularly Perry's Complaint. *See* HRS § 634F-2(5) (Supp. 2012). Perez-Wendt had filed seven attachments with her motion to dismiss, but at the hearing on the motion, the circuit court granted Perez-Wendt's own request to strike the attachments as being outside the pleadings.

Based upon the allegations contained in Perry's Complaint, *see* HRS § 634F-2(5), and considering that Perry (the responding party) had the burden of proof and persuasion on the motion, *see* HRS § 634F-2(4)(B), we conclude that the circuit court was correct and that Perry "has demonstrated that more

likely than not, [Perry's] allegations do not constitute a SLAPP lawsuit as defined in section 634F-1[.]"  HRS § 634F-2(6).

Under HRS § 634F-1, there are two components for a lawsuit to be a SLAPP.  That is, a lawsuit is a SLAPP if it (1) "lacks substantial justification or is interposed for delay or harassment[;]" *and* (2) "is solely based on the party's public participation before a governmental body."  HRS § 634F-1.  In this appeal, we focus on the second component.

As an initial matter, as defined in HRS § 634F-1, "'[g]overnmental body' includes a branch, department, agency, instrumentality, official, employee, agent, or other person acting under color of law of the United States, a state, or subdivision of a state or other public authority."  This definition is broad enough to include the individuals and entities involved in Perry's Complaint -- *i.e.*, the Mayor, the Mayor's Assistant, members of the County Council, and the ODC.

However, given the allegations in the Complaint and the plain meaning of the statutory language, there was *no public participation* before a governmental body.  "Public participation" is defined under HRS § 634F-1 as "any oral or written *testimony* submitted or provided to a governmental body *during the course of a governmental proceeding*."  (Emphasis added.)  HRS Chapter 634F does not define "testimony" or "governmental proceeding," so we look to the plain meaning of the statute.  *Liberty Mutual Fire Ins. Co. v. Dennison*, 108 Hawaiʻi 380, 384, 120 P.3d 1115, 1119 (2005) ("Where the language of the statute is plain and unambiguous, our only duty is to give effect to its plain and obvious meaning.") (citation omitted).

Black's Law Dictionary defines "testimony" as "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition."  *Black's Law Dictionary* 1613 (9th ed. 2009).  Merriam-Webster's Collegiate

Dictionary defines "testimony" in relevant part as "firsthand authentication of a fact: EVIDENCE," "an outward sign," or "a solemn declaration [usually] made orally by a witness under oath in response to interrogation by a lawyer or authorized public official[.]" *Merriam-Webster's Collegiate Dictionary* 1214 (10th ed. 2000).

Black's Law Dictionary defines "proceeding" in relevant part as: "[a]ny procedural means for seeking redress from a tribunal or agency[,]" "[a]n act or step that is part of a larger action[,]" or "[t]he business conducted by a court or other official body; a hearing." *Black's Law Dictionary* 1324 (9th ed. 2009). In Merriam-Webster's Collegiate Dictionary, "proceeding" is defined as "legal action," "[p]rocedure," "[e]vents, [h]appenings," "[t]ransaction," or "an official record of things said or done[.]" *Merriam-Webster's Collegiate Dictionary* 927 (10th ed. 2000).

**A.** **Claims Based on Communications with the Mayor, Mayor's Assistant, and Members of the County Council**

With respect to Perry's claims based on Defendant Siblings' communications in 2007 with the Mayor, the Mayor's Assistant and with members of the County Council, these communications do not constitute "testimony" submitted or provided "during the course of a governmental proceeding." Based on the allegations in Perry's Complaint, Perry contends that the Defendant Siblings' communications with the Mayor, Mayor's Assistant and the County Council occurred when the Mayor had not publicly announced that he would recommend Perry as County Attorney, there was nothing official about Perry being considered or selected for the position, and the Mayor had not formally submitted Perry's name to the County Council for confirmation. Even under a liberal construction of the statute, nothing in HRS Chapter 634F suggests that an individual's unsolicited and

informal communication with a government official, when there is no formal process or procedure in progress, constitutes "testimony submitted or provided to a governmental body during the course of a governmental proceeding." Thus, the claims based on the Defendant Siblings' communications with the Mayor, Mayor's Assistant and members of the County Council do not constitute a SLAPP.

B.     **Claims Based on the Defendant Siblings' Filing of the ODC Complaint**

With regard to Perry's claims in the Complaint based on the Defendant Siblings' filing of a frivolous ODC complaint against Perry,[4] the asserted claims do not constitute a SLAPP. Given the allegations in Perry's Complaint, the filing of the ODC complaint does not constitute "public participation" before a governmental body, as defined in HRS § 634F-1, because the ODC complaint did not involve "oral or written *testimony*."

Perry's Complaint states that the Defendant Siblings filed a frivolous ODC complaint containing false allegations

---

[4] On appeal, Perez-Wendt asserts for the first time that the ODC complaint was privileged under Rule 2.8 of the Rules of the Supreme Court of the State of Hawai'i (RSCH), which states in relevant part that "[c]omplaints submitted to the Board or Counsel or testimony given with respect thereto . . . shall be absolutely privileged and no lawsuit predicated thereon may be instituted." Perez-Wendt did not raise this issue in the circuit court. Although we have discretion to review for plain error, "[t]he plain error doctrine represents a departure from the normal rules of waiver that govern appellate review, and, as such . . . an appellate court should invoke the plain error doctrine in civil cases only . . . when justice so requires[.]" *Okada Trucking Co. v. Bd. of Water Supply*, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002) (citations and internal quotation marks omitted). In this appeal, we need not invoke plain error because this case will be remanded to the circuit court, at which point Perez-Wendt will have the opportunity to assert the immunity under RSCH Rule 2.8 before the circuit court.

The issue before us in this appeal is limited to whether the Complaint constitutes a SLAPP that should be dismissed under HRS Chapter 634F. Indeed, as noted above, that is the basis for our appellate jurisdiction in this appeal. *See* HRS § 634F-2(2)(A). Because consideration of RSCH Rule 2.8 is not properly before us, we will review whether the claims in the Complaint based on the filing of the ODC complaint constitute a SLAPP.

against Perry, and further, that the first paragraph of the ODC complaint stated: "We are siblings of Warren C.R. Perry, a Kauai-based attorney licensed to practice law in the State of Hawaii. We believe our brother has engaged in unethical and/or fraudulent conduct and *request an investigation into the matter*." (Emphasis added.) Perry's Complaint does not state that the Defendant Siblings provided testimony of any kind before the ODC. Instead, the ODC complaint by the Defendant Siblings set forth allegations and was a request to the ODC for an investigation.

Based on the plain meaning of "testimony," even when liberally construed, the ODC complaint and the allegations contained therein were not "testimony" and are not protected under HRS Chapter 634F.

C.      **Claims Based On Allegation That Perry Refrained From Taking the County Attorney Position in 2008**

The Complaint claims that a newly elected Mayor in 2008 also wanted to appoint Perry as County Attorney, but that Perry had to refuse the position because the ODC complaint was still pending. This claim is thus grounded on the Defendant Siblings' filing of the ODC complaint and, for the reasons discussed above, does not constitute a SLAPP.

D.      **The Petition Clauses and the *Noerr-Pennington* Doctrine**

As part of her argument that the Complaint is a SLAPP, Perez-Wendt also argues that the Defendant Siblings' alleged communications with government officials and the filing of the ODC complaint are particularly protected in light of the Petition Clause in the First Amendment of the U.S. Constitution,[5] the

_____

[5] The Petition Clause is set forth as part of the First Amendment of the U.S. Constitution, which states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or *the right of the people* peaceably to assemble, and *to petition the Government for a redress of grievances*." (Emphasis added.)

Petition Clause in article I, section 4 of the Hawai'i Constitution,[6] and the *Noerr-Pennington* doctrine, which arises from the Petition Clause in the First Amendment. *See E. R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); *United Mine Workers of Am. v. Pennington*, 381 U.S. 657 (1965). In essence, Perez-Wendt seeks to expand the reach of HRS Chapter 634F to the full extent of the protections under the Petition Clauses and the *Noerr-Pennington* doctrine.

Perez-Wendt's arguments in this regard are misplaced. Although the Petition Clauses in the U.S. Constitution and the Hawai'i Constitution are part of the inspiration for the adoption of HRS Chapter 634F, *see* 2002 Haw. Sess. Laws Act 187, § 1 at 821, the rights under HRS Chapter 634F are based on the express language adopted therein by the legislature. In this regard, HRS Chapter 634F sets forth a specific definition for "public participation" which must be applied in this appeal and which we have applied above.

As noted earlier, our appellate jurisdiction in this appeal is specifically based on HRS § 634F-2(2)(A), which allowed the immediate appeal from the circuit court's Order Denying Motion To Dismiss based on HRS Chapter 634F. Therefore, we do not reach the separate question -- beyond the reach of HRS Chapter 634F -- of whether the claims against Perez-Wendt are barred by the Petition Clauses and/or the *Noerr-Pennington* doctrine.

---

[6] Article I, section 4 of the Hawai'i Constitution states that "[n]o law shall be enacted respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech or of the press or *the right of the people* peaceably to assemble and *to petition the government for a redress of grievances.*" (Emphasis added.)

E.    **Legislative History of HRS Chapter 634F**

We base our rulings above on the plain meaning of the language adopted by the legislature.  However, the legislative history for HRS Chapter 634F further confirms our interpretation of the plain language of the statute.  *Kakinami*, 127 Hawai'i at 150 n.5, 276 P.3d at 719 n.5; *E & J Lounge Operating Co.*, 118 Hawai'i at 335, 189 P.3d at 447; *Steigman v. Outrigger Enters., Inc.*, 126 Hawai'i 133, 148-49, 267 P.3d 1238, 1253-54 (2012) (although statutory language was plain and unambiguous, the supreme court looked to legislative history to confirm its interpretation).

HRS Chapter 634F was enacted in 2002.  It was introduced in the legislature as H.B. No. 741 the previous legislative session.  When first introduced, H.B. No. 741 provided much broader immunity, apparently as broad as the right to petition under the constitutions of the United States and the State of Hawai'i.  Specifically, H.B. No. 741 originally stated, in relevant part:

> **Immunized acts.**  Any act by a person in furtherance of the constitutional right to petition under the United States or State Constitution, including seeking relief, influencing action, informing, communicating, and otherwise participating in the process of government, shall be immune from civil liability, regardless of intent or purpose, except where not aimed at procuring any governmental or electoral action, result, or outcome.

H.B. 741, 21st Leg., Reg. Sess. (2001).

In 2002, the entire section entitled "Immunized acts," quoted above, was deleted from H.B. No. 741.  The conference committee for H.B. No. 741 noted that it had amended the measure "to reflect provisions contained in SLAPP legislation recently adopted in the state of Colorado, *especially the definitions of* 'lack of substantial justification' and '*strategic lawsuit against public participation*.'"  Conf. Comm. Rep. No. 21, in 2002

House Journal, at 1763 (emphasis added).[7] The immunity provided by H.B. No. 741 was thus narrowed by deleting the "Immunized acts" section and instead adding the definitions for "SLAPP" and "public participation" which were eventually adopted.

The conference committee report notes the decision to amend H.B. No. 741 to follow provisions specified in Colorado. In 2002, when the legislature was considering H.B. No. 741, there were at least nineteen states that had anti-SLAPP legislation, some of which were much broader than the legislation proposed in Colorado.[8] The original version of H.B. No. 741 was akin to such

---

[7] Although SLAPP legislation was proposed in Colorado in 2002, it was not enacted.

[8] For instance, California's anti-SLAPP statute provided protection for an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue," which was defined to include:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16 (West, Westlaw through 1999 Act 960). In 2002, other states had statutes providing broad protections similar to California, such as: Georgia (Ga. Code Ann. § 9-11-11.1 (West, Westlaw through 1998 Act 862)); Indiana (Ind. Code Ann. §§ 34-7-7-1 and 34-7-7-2 (West, Westlaw through 1998 Act 114)); Louisiana (La. Code Civ. Proc. Ann. art. 971 (West, Westlaw through 1999 Act 734)); Maine (Me. Rev. Stat. Ann. tit. 14, § 556 (West, Westlaw through 1995 Act 413)); Massachusetts (Mass. Gen. Laws Ann. ch. 231, § 59H (West, Westlaw through 1996 Act 450)); Nevada (Nev. Rev. Stat. § 41.650 (Westlaw through 1997 Act 387)); Rhode Island (R.I. Gen. Laws Ann. § 9-33-2 (West, Westlaw through 1995 Act 386)); Utah (Utah Code Ann. § 78-58-102 (LexisNexis, Westlaw through 2001 Act 163)). Moreover, Minnesota's statute in 2002 protected acts of a party that involved "public participation," which was defined as "speech or lawful conduct that is genuinely aimed in whole or in part at procuring favorable government action." Minn. Stat. Ann. §§ 554.01 (West, Westlaw through 1994 Act 566).

broader statutes, but then was amended to follow the proposed legislation in Colorado.

The legislative history for HRS Chapter 634F confirms our interpretation of the plain language of the statute. It shows that the legislature intended to provide a narrower immunity than was originally drafted in H.B. No. 741 and, although broader legislation existed in other states, the legislature chose to follow the proposed legislation in Colorado. This intent appears consistent with one of the stated purposes of HRS Chapter 634F to "[c]reate a more *equitable balance* between the rights of persons to file lawsuits and to trial by jury, and the rights of persons to petition, speak out, associate, and otherwise participate in their governments[.]" 2002 Haw. Sess. Laws Act 187, § 1 at 822 (emphasis added).

## V. Conclusion

We therefore conclude that the circuit court correctly determined that the claims in the Complaint did not constitute a SLAPP under HRS Chapter 634F and thus properly denied Perez-Wendt's motion to dismiss.

Accordingly, the "Order Denying 'Defendant Pro Se Mahealani Perez-Wendt's Motion to Dismiss' Filed November 27, 2009," entered by the circuit court on January 15, 2010, is affirmed. This case is remanded to the circuit court for further proceedings.

On the briefs:

Mahealani Perez-Wendt
Defendant-Appellant Pro Se

Mark R. Zenger
(Richards & Zenger)
Warren C. R. Perry
for Plaintiff-Appellee

15