**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000678
08-AUG-2025
08:02 AM
Dkt. 64 SO**

NO. CAAP-22-0000678


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


SIERRA CLUB, a non-profit organization,
Plaintiff/Counterclaim Defendant-Appellant, and
MAUI UNITE!, an unincorporated association, Plaintiff-Appellant,
v.
HONUA'ULA PARTNERS, LLC, a foreign limited liability company,
Defendant/Counterclaimant-Appellee,
and the MAUI PLANNING DEPARTMENT, County of Maui,
Defendant-Appellee.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-22-0000049(2))


SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and McCullen, JJ.)

Plaintiff/Counterclaim Defendant-Appellant **Sierra Club**

and Plaintiff-Appellant **Maui Unite**! (sometimes collectively,

**Plaintiffs**) appeal from the Circuit Court of the Second

Circuit's[1] October 31, 2022 "Order Denying Counterclaim

Defendants' Motion for Judgment on the Pleadings Against

---

[1] The Honorable Peter T. Cahill presided.

[Defendant/Counterclaimant-Appellee **Honua̒ula** Partners, LLC]'s Second Amended Counterclaim [Dkt 194] Filed August 1, 2022."[2]

On appeal, Sierra Club and Maui Unite challenge the denial of their motion for judgment on the pleadings, essentially contending the circuit court and Honua̒ula did not comply with Hawaii's anti-**SLAPP** (strategic lawsuit against public participation) law, Hawai̒i Revised Statutes (**HRS**) Chapter 634F (2016, repealed 2022).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

In October 2012, Sierra Club and Maui Unite filed a complaint against the Maui Planning Commission regarding the final environmental impact statement Honua̒ula prepared (**FEIS case**) for a master planned residential community and golf course on its 670-acre property in Wailea (**Project**). Honua̒ula moved to intervene. Ultimately, Sierra Club, Maui Unite, Honua̒ula and Maui County entered into a Settlement Agreement and stipulated to dismiss the FEIS case.

As to Phase II Approval of the Project, the Settlement Agreement provided that Sierra Club and Maui Unite along with

---

[2] Under Hawai̒i Revised Statutes (**HRS**) § 634F-2 (2016, repealed 2022), this order was immediately appealable.

2

their officers and directors would not object before the Maui Planning Commission if Honuaʻula's plans remained substantially consistent:

> 2. <u>So long as [Honuaʻula]'s design and plan remains substantially consistent with the New Concept Plans and all of the material terms and provisions of this Agreement, Plaintiffs, and their officers and directors, acting in their official capacities, will not object to Phase II Approval before the Maui Planning Commission</u> based on any changes in density of the Project or for any other reasons, except that Plaintiffs reserve the right to submit testimony in opposition to, or objecting to, [Honuaʻula]'s submissions to the Maui Planning Commission, if such submissions are materially inconsistent with the express terms of this Agreement, and Plaintiffs, and their officers and directors, acting in their official capacities shall not initiate administrative appeals under HRS Chapter 91, or initiate a court challenge, or any other formal challenge in any judicial, regulatory, or administrative forum challenging the Maui Planning Commission's decision to grant the Project Phase II approval.

(Emphasis added.) The Settlement Agreement was signed by A. Lucienne **de Naie** on behalf of Sierra Club in her capacity as an "Executive Committee Member."

In July 2018, Honuaʻula filed a new application for Project District Phase II approval with the Maui Department of Planning. Maui Tomorrow Foundation (**Maui Tomorrow**) and Hoʻoponopono O Mākena petitioned to intervene. De Naie was also an officer of Maui Tomorrow.

In February 2022, de Naie submitted a letter to the Maui Planning Commission regarding reports for the Project. The Maui Planning Commission held a public hearing, where de Naie testified, and the petition to intervene was granted.

3

Also in February 2022, Sierra Club and Maui Unite filed a complaint claiming Honuaʻula breached the Settlement Agreement. Several weeks later, Sierra Club of Hawaiʻi Director Wayne Tanaka wrote a letter to the Maui Planning Commission clarifying that Sierra Club "does not presently oppose Honuaʻula Partners, LLC's application for Phase II approval and statements made by our Maui Group chair at the Commission's January [sic] 22, 2022 meeting[3] were presented for informational purposes only." De Naie was the Maui Group chairperson.

In June 2022, Honuaʻula filed a second amended counterclaim, raising one count (breach of settlement agreement and breach of covenant of good faith and fair dealing) against Sierra Club. The counterclaim asserted among other things that "Sierra Club and [Honuaʻula] entered into the Settlement Agreement"; "Sierra Club, through its representative Ms. de Naie, testified in opposition to the Project and [Honuaʻula]'s Phase II approval before the Maui Planning Commission"; and "Sierra Club . . . worked directly and indirectly to support Intervenors and others in their efforts to oppose [Honuaʻula]'s Phase II Application."

---

[3] It appears the letter intended to refer to the Maui Planning Commission's February 22, 2022 meeting, as January 22, 2022 was a Saturday, and the Maui Planning Commission did not hold a meeting that day. See Archive Ctr. • Maui Plan. Comm'n, Cnty. of Maui, https://www.mauicounty.gov/Archive.aspx?AMID=85 (last visited August 4, 2025) [https://perma.cc/TQ5K-C5AV].

In August 2022, Sierra Club and Maui Unite filed their "Motion for Judgment on the Pleadings Against Defendant's Second Amended Counterclaim or in the Alternative for Summary Judgment" (**Motion**), arguing Honuaʻula's counterclaim was a SLAPP under HRS Chapter 634F and should be dismissed. 2022 Haw. Sess. Law Act 96, §§ 3, 5 at 218. The circuit court held a hearing on the Motion and denied the Motion.

On appeal, we summarize Sierra Club and Maui Unite's points of error as contending that Honuaʻula did not meet its burden under, and the court failed to liberally construe, HRS Chapter 634F.[4]

---

[4] In the points of error section of their opening brief, Sierra Club and Maui Unite contend:

> The circuit court reversibly erred by denying Plaintiffs' Anti-SLAPP motion against [Honuaʻula]'s counterclaims against: (1) Sierra Club's written and oral testimony to the Planning Commission, including the Sierra Club Director's written statement to the Planning Commission, clarifying the former did not oppose [Honuaʻula]'s project; and (2) assistance to Maui Tomorrow's contested case before the Planning Commission by employees, officers, and volunteers with Plaintiffs' groups (collectively "[Honuaʻula]'s counterclaims") because:
>
> (1) The circuit court applied incorrect standards in assessing Plaintiffs' [HRS Chapter] 634F motion:
>
> a. The circuit court failed to apply the elevated standards of pleading on [Honuaʻula] and did not impose on [Honuaʻula] the burden of proof and persuasion. . . .
>
> b. The circuit court failed to liberally construe HRS chapter 634F to advance its purposes of encouraging public participation and protecting the rights of persons to petition, speak out, and associate in assessing Plaintiffs' [HRS Chapter] 634F motion. . . .

(continued . . .)

HRS § 634F-4 provided "[t]his chapter shall be construed liberally to fully effectuate its purposes and intent[,]" including to "[p]rotect and encourage citizen participation in government to the maximum extent permitted by law[.]" Perry v. Perez-Wendt, 129 Hawaiʻi 95, 98-99, 294 P.3d 1081, 1084-85 (App. 2013) (citing 2002 Haw. Sess. Laws Act 187, § 1 at 822). HRS § 634F-2 required a motion disposing of a SLAPP lawsuit to be treated as a motion for judgment on the pleadings and required the court to disregard matters outside the pleadings:

> Notwithstanding any law to the contrary, including rules of court, upon the filing of any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or involves public participation and is a SLAPP lawsuit:
>
> (1)  The motion shall be treated as a motion for judgment on the pleadings, matters outside the pleadings shall be excluded by the court, and the court shall expedite the hearing of the motion;
>
> . . . .

---

(. . . continued)

> (2) [Honuaʻula's] counterclaims "lack[] substantial justification[.]" HRS §634F-1. . . .
>
> (3) [Honuaʻula]'s counterclaims constituted a SLAPP as they are "solely based on the party's public participation before a governmental body", directed against Sierra Club's oral and written letters and testimonies to the Commission, and alleged association between individuals associated with both Plaintiffs and Maui Tomorrow over public participation in a contested case before the Commission. HRS §634F-1. . . .
>
> (4) [Honuaʻula]'s counterclaims are "interposed for delay or harassment[.]" HRS §634F-1.

(Formatting altered.) All these points concern the application of HRS Chapter 634F.

> (4)   The responding party shall:
>
> . . . .
>
> (B) <u>Have the burden of proof and persuasion</u> on the motion;
>
> (5)   The court shall make its determination based upon the <u>allegations contained in the pleadings</u>; [and]
>
> (6)   The court shall grant the motion and dismiss the judicial claim, <u>unless the responding party has demonstrated that more likely than not, the respondent's allegations do not constitute a SLAPP lawsuit</u> as defined in section 634F-1[.]

HRS § 634F-2 (formatting altered, emphases added).  As noted above, HRS § 634F-2 also placed the burden of proof and persuasion on the respondent, who must demonstrate "that more likely than not, [its] allegations do not constitute a SLAPP[.]"

"[A] lawsuit is a SLAPP if it (1) 'lacks substantial justification or is interposed for delay or harassment[;]' *and* (2) 'is solely based on the party's public participation before a governmental body.'"  <u>Perry</u>, 129 Hawai'i at 100, 294 P.3d at 1086 (citation omitted).

Focusing on the second factor, we cannot say Honua'ula's counterclaim was "solely based" on de Naie's participation before the Maui Planning Commission.  Instead, the counterclaim was based on de Naie's participation in light of the Settlement Agreement barring opposition under certain circumstances.  As the circuit court correctly explained, "this entire dispute, this entire lawsuit from both sides arises out of a contract that both parties entered into."  Thus, Honua'ula

met its burden of demonstrating "that more likely than not," the allegations in its counterclaim were not a SLAPP.

Moreover, at the hearing on the Motion, the circuit court indicated it was limited to the "four corners of the document" and noted the attachment of "all these discoveries" asking the court to look beyond the pleadings. Sierra Club and Maui Unite appear to characterize the circuit court's limitation of its review to the pleadings as not liberally construing HRS Chapter 634F or applying the incorrect standard. To the contrary, the circuit court complied with the express language of HRS § 634F-2(5) requiring the court to "make its determination based upon the allegations contained in the pleadings."

Based on the foregoing, we affirm the circuit court's October 31, 2022 order denying the Motion.

DATED: Honolulu, Hawai'i, August 8, 2025.

On the briefs:

Lance D. Collins,
Bianca K. Isaki,
for Plaintiff/Counterclaim
Defendant-Appellant Sierra
Club and Plaintiff-Appellant
Maui Unite!.

Calvert G. Chipchase,
Christopher T. Goodin,
Mallory T. Martin,
(Cades Schutte),
for Defendant/
Counterclaimant-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

8